IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

Kelsey Miles and Olivia Jensen, Individually
and Kelsey Miles Administratrix of Estate of
CHRISTIAN ROBERT "Robbie" JENSEN, deceased,
    Plaintiffs,

vs.

No. _____
JURY DEMAND

BRADLEY COUNTY, TENNESSEE AND
JOHN DOES, Unknown Officers of the
Bradley County Sheriff's Department,
    Defendants.

## COMPLAINT

Come the Plaintiffs and for cause of action would state as follows:

### I. INTRODUCTION

This is an action for money damages stemming from the violation of the constitutional civil rights of Plaintiffs' decedent, Christian Robert Jensen, by the named Defendants. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Tennessee governmental tort liability statutes; under *Tennessee Code Annotated* §29-20-101, *et seq.*, the *Tennessee Wrongful Death Act, Tennessee Code Annotated* §20-5-101 *et. seq.*, the *Tennessee Public Records Act* codified at *Tennessee Code Annotated* §10-7-503(a)(2)(B), and under Tennessee common law for intentional and/or negligent infliction of emotional distress, negligent supervision, negligence, gross negligence, assault, and false arrest.

While the individual Defendants were acting in the scope of their employment and under color of state law, they exerted excessive force against Christian Robert Jensen. The Defendants' actions caused injuries and the death of Christian Robert Jensen. The policies and procedures relative to the detention and care of Christian Robert Jensen were improperly carried

1

out due to inadequate training and supervision of officers/agents, and/or because Bradley County, Tennessee has a custom of tolerance and/or acquiescence of federal civil and constitutional rights violations. The individually named Defendants were, at all times relevant to this action, acting under color of state law. The Defendants collectively and individually, demonstrated deliberate indifference to the serious medical needs of Christian Robert Jensen, in violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, making them liable to Plaintiffs, the surviving heirs of Christian Robert Jensen.

Action is brought against Bradley County, Tennessee for its failure to properly train and supervise the individual Defendants in the proper use of force and their establishment of policies, procedures, practices, and customs regarding proper medical treatment and detention of Christian Robert Jensen, a suicide risk, at the time of his detainment that resulted in the excessive use of force and wrongful killing of Christian Robert Jensen.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, and 1367, and venue is properly set in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

4. Plaintiffs reside in the state of Tennessee and a probate estate for the decedent is pending in the state of Tennessee.

2

5. The amount in controversy exceeds $75,000.00.

## III. PARTIES

6. Plaintiffs, Olivia Jensen and Kelsey Miles, both reside at 2860 McDaris Circle, Cleveland, Tennessee. Plaintiffs are the adult daughters and sole heirs of the decedent.

7. Kelsey Miles is the duly appointed Administratrix of the Estate of Christian Robert "Robbie" Jensen (hereinafter "Robbie") filed in the Probate Court of Bradley County, Tennessee, case 2022-PR-95.

8. At the time of his death, Robbie had no surviving spouse and no children other than the Plaintiffs. Accordingly, Olivia Jensen and Kelsey Miles are Robbie's sole heirs and successors in interest as defined by the laws of the State of Tennessee and are authorized by *Tennessee Code Annotated* §20-5-104 to bring survival causes of actions for damages suffered by Robbie prior to his death.

9. Plaintiffs, Olivia Jensen and Kelsey Miles, are also suing, individually, for the wrongful death of their father, Christian Robert Jensen.

10. Defendant, Bradley County, Tennessee, is a municipal corporation, duly organized and existing under the laws of the State of Tennessee. Under its authority, Defendant, Bradley County, Tennessee operates the Bradley County Sheriff's Department and is liable for the actions and/or inactions and omissions of its officers, managers, agents, and employees, including Defendants John Does acting within the scope and course of their employment and duties pursuant to *Tennessee Code Annotated* §29-20-205. Defendant, Bradley County, Tennessee, has a statutory duty adequately train and supervise officers.

11. Plaintiffs, through counsel, requested records on multiple occasions pursuant to the *Tennessee Public Records Act* to identify the names of the Defendant John Does who were at

3

all relevant times herein employed by Defendant Bradley County, Tennessee as Sheriff's Deputies. Because of the failure by Bradley County, Tennessee to comply with Plaintiffs' request, Plaintiff is unable to specifically identify the officers; however, Plaintiffs allege that the responding officers were each was acting within the course and scope their employment when they responded to the 911 Call of a person (now known to be Robbie) being in distress and threatening suicide.

12. In the event that Defendant(s) are incorrectly named and upon Plaintiffs attaining additional information, Plaintiffs reserve the right to amend this pleading to identify the proper party defendant(s), including the Defendant John Does.

## IV. FACTS

13. Christian Robert "Robbie" Jensen was fifty-four (54) years old and a citizen of the United States and a resident of the Cleveland, Bradley County, Tennessee at the time of his death.

14. Robbie retired from the Bradley County Sheriff's Department in 2018 where he had served as a jail administrator for 29-years.

15. On or about June 16, 2022, at the time of the incident alleged herein, Robbie was emotionally frail, but active and fully capable of engaging in normal day-to-day activities.

16. John Doe Officers responded to Robbie's home on Blue Springs Road in Bradley County, Tennessee on or about June 16, 2022, to conduct a welfare check in response to a 911 call reporting that Robbie was expressing suicidal ideations.

17. After arriving at Robbie's home, one or more of the Defendant John Does fired at Robbie striking and killing him.

## BASIS FOR CLAIM
## GENERALLY

18. Defendants showed deliberate indifference to Robbie's medical needs.

19. Defendants knew and had been made aware of Robbie's suicidal tendencies prior to and at the time of their response to the 911 call and failed to provide sufficient safeguards to adequately protect him from harm.

20. Defendants failed to take proper suicide preventative steps.

21. Defendants failed to take sufficient safeguards to be able to intervene or protect against Robbie's risk of suicide.

22. Defendants were aware or should have been aware that officers pointing a weapon at a person with suicidal ideations, such as Robbie, would make it difficult to establish trust and communications and would also increase the person's anxiety, unnecessarily exacerbating the situation or creating a "Suicide by Cop" scenario.

23. The failure to promulgate and implement procedures, policies or customs lead directly to the use of excessive and unreasonable force against Robbie Jensen ultimately resulting in his death.

24. Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Robbie of his rights to freedom from unlawful arrest and detention as secured by the Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

25. The Defendants Bradley County, Tennessee failed to adequately train and supervise the Defendant John Does.

26. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Robbie sustained severe physical pain and suffering prior to his death.

27. Plaintiffs are entitled to compensation for the constitutional harms that Defendants inflicted upon their father, Robbie Jensen.

28. Plaintiffs are entitled to compensation pursuant to *Tennessee Code Annotated* §29-20-101, *et seq.* and the *Tennessee Governmental Tort Liability Act* ("TGTLA") for harms inflicted upon them by Defendants and for damages.

## V. CAUSES OF ACTION

### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

29. Plaintiffs adopt and incorporate Paragraphs 1-28 herein as if restated *verbatim*.

30. In committing the acts complained of herein, Defendants acted under color of state law to deprive Robbie of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: (a) the right not to be deprived of liberty without due process of law; (b) the right to be free from excessive use of force by persons acting under color of state law; and (c) the right to be free from false arrest.

31. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized arrest by firing their weapon at Robbie Jensen during a welfare check and use of excessive force by Defendants, in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Robbie suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

33. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

34. Plaintiffs adopt and incorporate Paragraphs 1-32 herein as if restated *verbatim*.

35. The failure of Defendant Bradley County, Tennessee to ensure the adequate training and supervision of the Defendant John Does amounts to deliberate indifference to the rights of Robbie Jensen to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

36. As a result of this deliberate indifference to Robbie's rights, Robbie suffered personal injuries resulting in his death and his heirs are entitled to relief under 42 U.S.C. §1983.

37. In committing the acts complained of herein, Defendants acted under color of state law to deprive Robbie Jensen as alleged herein of certain constitutionally protected rights including, but not limited to: (a) the right not to be deprived of liberty without due process of law and (b) the right to be free from excessive use of force by persons acting under color of state law.

### COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

38. Plaintiffs adopt and incorporate Paragraphs 1-37 herein as if restated *verbatim*.

39. The Defendant, Bradley County, Tennessee has adopted policies, procedures, practices or customs within the Bradley County Sheriff's Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

40. The actions of Defendant Bradley County, Tennessee amount to deliberate indifference to the rights of Robbie Jensen to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. As a result of the deliberate indifference to Robbie's rights by Bradley County, Tennessee and its agents, servants and employees, Robbie Jensen suffered serious personal injuries and death and his heirs are entitled to relief under 42 U.S.C. §1983.

## COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

42. Plaintiffs adopt and incorporate Paragraphs 1-41 herein as if restated *verbatim*.

43. By firing their weapon at Robbie Jensen, Defendant Bradley County, Tennessee, through its agents, acted under color of state law by falsely arresting and detaining Robbie Jensen with no basis in fact or law to do so.

44. In violating Robbie Jensen's right to be free from false arrest, Defendant Bradley County, Tennessee violated Robbie's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendant Bradley County, Tennessee, Robbie Jensen suffered serious personal injuries including his death and special damages as alleged in this Complaint and his heirs are entitled to relief under 42 U.S.C. §1983.

## COUNT V
### Tennessee Governmental Tort Liability Act
### Pursuant to *Tennessee Code Annotated* §29-20-101/Tennessee Common Law
### (Negligence)

46. Plaintiffs adopt and incorporate Paragraphs 1-45 herein as if restated *verbatim*.

47. Each agent of Defendant Bradley County, Tennessee owed Robbie Jensen a duty

8

to use due care at or about the times of the aforementioned-incident.

48. In the event the actions of the Defendant's agents are deemed to have been outside the scope of their employment, then the Plaintiffs allege this cause of action against the John Doe Defendants individually.

49. In committing the aforementioned-acts and/or omissions, Defendant Bradley County, Tennessee, through its agents, negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs alleged herein.

## COUNT VI
## Tennessee Governmental Tort Liability Act
**Pursuant to *Tennessee Code Annotated* §29-20-101/Tennessee Common Law**
**(Negligent Supervision)**

50. Plaintiffs adopt and incorporate Paragraphs 1-49 herein as if restated *verbatim*.

51. Each agent of Defendant Bradley County, Tennessee owed Plaintiffs Kelsey Miles and Olivia Jensen a duty to use due care at or about the time of the aforementioned-incidents.

52. In the event the actions of the Defendant's agents are deemed to have been outside the scope of their employment, then the Plaintiffs allege this action against the John Doe Defendants individually.

53. In committing the aforementioned-acts or omissions, each agent of the Defendant Bradley County, Tennessee negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

## COUNT VII
## Tennessee Wrongful Death Act
### Pursuant to *Tennessee Code Annotated* §20-5-101 et seq.

54. Plaintiffs adopt and incorporate Paragraphs 1-53 herein as if restated *verbatim*.

55. Plaintiffs aver that the Defendant Bradley County, Tennessee's intentional actions, omissions, failures, and violations, individually and in combination, were the proximate cause of the death of Robbie Jensen.

56. In the event the actions of the Defendant's agents are deemed to have been outside the scope of their employment, then the Plaintiffs allege this action against the John Doe Defendants individually.

57. As a direct and proximate result of the negligence, carelessness and violation of the law by Defendant Bradley County, Tennessee, Robbie Jensen suffered devastating injuries, including conscious pain and suffering, and the loss of life as a direct and proximate result of the tortious conduct of the Defendants.

58. Plaintiffs have been deprived of the consortium of their father, including the pecuniary value of the life of Robbie Jensen.

59. As a result of the foregoing, Plaintiffs have sustained and are entitled to recover compensatory damages from Defendants including, but not limited to, pecuniary losses, losses of support, services, property losses, parental and filial training, love, care, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief and sorrow.

60. Further, Plaintiffs are entitled to compensation for Robbie Jensen's mental and physical pain and suffering, and other damages.

61. Defendants' acts and omissions were intentional, grossly negligent, or reckless and proximately caused the injuries and death of Robbie Jensen, therefore, Plaintiffs are entitled

to punitive damages.

62. As a direct, legal and proximate result of the negligence and gross negligence; and/or reckless conduct by Defendants as described above, Plaintiffs suffered the following injuries and damages:

   a. Physical pain and mental suffering;
   b. Medical bills and expenses;
   c. Conscious pain, fright, shock and mental anguish;
   d. Loss of earnings and earning capacity;
   e. Loss of life expectancy of Robbie Jensen;
   f. Loss of enjoyment of life of Robbie Jensen; and
   g. Death of Robbie Jensen.

63. As a direct, legal and proximate result of the intentional, grossly negligent, negligent or reckless acts of Defendants as described above or per the gross negligence of the same Plaintiffs suffered a loss of love, society and companionship of decedent, Robbie Jensen, due to his injuries and wrongful death.

## COUNT VIII
## Tennessee Common Law
### (Intentional and/or Negligent Infliction of Emotional Distress)

64. Plaintiffs adopt and incorporate Paragraphs 1-63 herein as if restated *verbatim*.

65. Plaintiffs aver that the Defendant Bradley County, Tennessee, through its agents' actions and omissions while doing a welfare check in response to a 911 call reporting that Robbie Jensen was suicidal, were so outrageous that the actions/ommissions constitute an intentional and/or negligent infliction of emotional distress.

66. In the event the actions of the Defendant's agents are deemed to have been outside the scope of their employment, then the Plaintiffs allege this action against the John Doe Defendants individually.

67. Plaintiffs aver that Defendants' failure to render aid to Robbie Jensen during his

time of mental crisis and fatally shooting him were both intentional and reckless.

68. Plaintiffs aver that the conduct by Defendant Bradley County, Tennessee, through its agents, was so outrageous that it is not tolerated by a civilized society, especially when a 911 call was placed seeking help for Robbie Jensen.

69. Plaintiffs would further show that the Defendant Bradley County, Tennessee's agents' conduct in failing to render aid and fatally shooting Robbie Jensen has resulted in serious mental injury to both Plaintiffs, Kelsey Miles and Olivia Jensen.

70. Defendant Bradley County, Tennessee, through one or more of its agents, knowingly, wantonly, intentionally, recklessly, and with gross disregard for the safety, well-being, and legal rights of Robbie Jensen, fired a weapon at him, striking and killing him entitling Plaintiffs to compensation for severe emotional distress.

## COUNT IX
## Tennessee Common Law
### (Negligence/Gross Negligence)

71. Plaintiffs adopt and incorporate Paragraphs 1-70 herein as if restated *verbatim*.

72. Plaintiff avers that the actions of the Defendant Bradley County, Tennessee individually, and through its agents, constitute negligence under Tennessee Common Law.

73. Plaintiffs aver that the Defendant Bradley County, Tennessee, through its agents, acted with negligence by pointing a weapon at Robbie Jensen when the Defendants knew that he had expressed suicidal ideations.

74. Plaintiffs aver that the Defendant Bradley County, Tennessee, through its agents, acted with gross negligence by firing a weapon at Robbie Jensen creating a "suicide by cop" scenario when the Defendants knew that he had expressed suicidal ideations.

75. As a direct and proximate result of the negligent and gross negligent acts of the

12

Defendants, Robbie Jensen suffered physical injuries and death for which his heirs are entitled to relief.

## COUNT X
## Tennessee Common Law
## (False Arrest)

76. Plaintiffs adopt and incorporate Paragraphs 1-75 herein as if restated *verbatim.*

77. Plaintiff avers that by firing their weapon(s) at Robbie Jensen, the Defendant Bradley County, Tennessee, through its agents, seized his person resulting in the false arrest of Robbie Jensen.

78. As stated herein, Defendants were at the home of Robbie Jensen to conduct a welfare check in response to a 911 call that Robbie Jensen had expressed suicidal ideations and by firing at Robbie Jensen the officers' shooting applied physical force to Robbie Jensen's body and objectively manifested an intent to restrain him effectively seizing his person for the instant that the bullets struck him.

79. As a direct and proximate result of the negligent and gross negligent acts of the Defendant Bradley County, Tennessee, through its agents Robbie Jensen, suffered physical injuries and death for which his heirs are entitled to relief.

## COUNT XI
## Tennessee Common Law
## (Assault)

80. Plaintiffs adopt and incorporate Paragraphs 1-79 herein as if restated *verbatim*

81. Plaintiff avers that the actions of the Defendant Bradley County, Tennessee, through its agents, breached a duty of care owed to Robbie Jensen to not assault him or cause physical harm, injury and death, except to the extent allowed by law.

82. Plaintiffs aver that the Defendant Bradley County, Tennessee, through its agents,

knowingly, wantonly, intentionally, and with gross disregard for the rights of Robbie Jensen, assaulted him by firing a weapon at him, striking and killing him.

83. As a direct and proximate result of the acts of the Defendants, Robbie Jensen suffered physical injuries and death for which his heirs, the Plaintiffs, are entitled to relief.

## COUNT XII
## Tennessee Public Records Act
## *Tennessee Code Annotated* §10-7-503
## (Non-Compliance)

84. Plaintiffs adopt and incorporate Paragraphs 1-83 herein as if restated *verbatim*

85. Plaintiffs, through counsel, requested records pursuant to the *Tennessee Public Records Act* on three (3) separate occasions over a six-month period.

86. Defendant, Bradley County, Tennessee failed to comply with Plaintiffs' requests.

87. Thus, Defendant Bradley County, Tennessee has failed to comply with the promptness requirement for producing these records for inspection.

88. Defendant's failure to comply with *Tennessee Code Annotated* §10-7-503(a)(2)(B) by producing records requested by Plaintiffs through counsel under the *Tennessee Public Records Act* within seven (7) days of the request constitutes a denial and is actionable under *Tennessee Code Annotated* §10-7-505.

89. The enforcement provision codified at *Tennessee Code Annotated* §10-7-505(d) empowers judicial authority to exercise full injunctive remedies and relief to secure the purposes and intentions of *Tennessee Code Annotated* §10-7-505(d).

## PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiffs demand that:

1. Process issue to Defendants and that they each be required to answer in the time allowed by law.

2. Following the trial of this cause, Plaintiffs be awarded a judgment against Defendants in an amount of not less than Three Million Dollars ($3,000,000.00) or the maximum amount provided by law to compensate for the loss of the life of Christian Robert "Robbie" Jensen.

3. Plaintiffs request that they have and recover a judgment against Defendants for punitive damages in the amount of One Million Dollars ($1,000,000.00) should the actions of the John Doe Officers complained of herein be deemed to be outside the scope of employment with Bradley County, Tennessee.

4. Defendants be required to produce the records requested by Plaintiffs, through counsel, pursuant to the *Tennessee Public Records Act*, and this Court tax the Defendants with Plaintiffs' attorney's fees for having to prosecute this action.

5. Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988(b) and (c).

6. Plaintiffs receive any other further and general relief to which it may appear they are entitled.

7. A jury be empaneled for the trial of this matter.

> **Respectfully submitted,**
> **Kelsey Miles and Olivia Jensen, Individually and Kelsey Miles Administratrix of Estate of Christian Robert "Robbie" Jensen, deceased, Plaintiffs, by attorneys,**

CHANCEY- KANAVOS
BY: /s/ H. Franklin Chancey
H. FRANKLIN CHANCEY (BPR#013187)
RACHEL FISHER (BPR #017076)
P.O. Box 42, Cleveland, TN 37364-0042
(423) 479-9186
franklin@cklplaw.com
rachel@cklplaw.com